IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

SHERYL TAYLOR,

    Plaintiff,

v.                                                   No. 11-2540-JTF-dkv

COLLEEN M. KELLEY, et al.,

    Defendants.

ORDER STRIKING PLEADINGS
AND
REPORT AND RECOMMENDATION ON PLAINTIFF'S RULE 59(e) MOTION
TO ALTER OR AMEND JUDGMENT

Before the court is the March 12, 2013 motion of Taylor pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment. (D.E. 110.) The defendants filed responses in opposition. (D.E. 111, 112.) Taylor filed replies to the responses. (D.E. 113, 114.) This case has now been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Referral, D.E. 115.)

I. ORDER STRIKING PLAINITFF'S UNAUTHORIZED REPLIES

The Local Rules of Courts for the Western District of Tennessee do not permit the filing of replies to motions except

as provided in Local Rule 12.1(c) governing motions to dismiss and Local Rule 56.1(c) governing motions for summary judgment, unless a reply is authorized by order of the court. (L.R. 7.2(c).) Taylor did not seek permission of the court to file a reply. Thus, her replies are unauthorized and are stricken from the docket.

## II. PROPOSED FINDINGS OF FACT

The plaintiff, Sheryl Taylor ("Taylor"), proceeding *pro se*, filed a complaint on June 28, 2011, on the form used for commencing actions pursuant to Title VII of the Civil Rughts Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, against Colleen M. Kelley, the President of the National Treasury Employees Union ("NTEU"); Timothy F. Geithner, the Secretary of the United States Department of the Treasury; and Carol Waller Pope, the Secretary of the Federal Labor Relations Authority. (Compl., D.E. 1.) On November 15, 2011, Taylor filed an amended complaint.

On October 16, 2012, the court granted the motion filed by Timothy Geithner to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, denying leave to amend, and dismissing the claims against Geithner with prejudice. On November 8, 2012, the court granted the motion filed by Carol Pope to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, denying leave to amend, and dismissing

2

the claims against Pope with prejudice. On February 12, 2013, the court granted the motion filed by Colleen Kelley to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the claims against Kellely with prejudice. The same day, February 12, 2013, the court entered judgment in favor of all the defendants.

## II. PROPOSED CONCLUSIONS OF LAW

Taylor fails to assert a proper basis to alter or amend the judgment. "Under Rule 59, a judge may alter the judgment based on: '(1) a clear error law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)(quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Taylor has not raised any of these grounds. Taylor's motion consists primarily of allegations that the court ignored certain facts and ignored or failed to acknowledge certain cases cited by Taylor. Taylor's allegations are insufficient to warrant altering or amending the judgment. Taylor's motion fails to establish clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. hen a party simply views the law and facts in a light contrary to that of the court, the proper recourse is to file an appeal not a motion to alter or amend.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Taylor's motion to alter or amend the judgment be denied.

Respectfully submitted this 5th day of June, 2013.

>s/Diane K. Vescovo
>DIANE K. VESCOVO
>UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.