IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |
|---|---|
| SHERYL TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:11-cv-02540-JTF-dkv |
| ) | |
| COLLEEN M. KELLEY, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
AND
ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT**

Before the Court is Plaintiff's Motion to Amend or Alter the Judgment, pursuant to Federal Rules of Civil Procedure 59(e), filed on March 12, 2013. (D.E. #110). On March 25, 2013, Defendant Colleen M. Kelley filed a Response in Opposition to Taylor's Motion to Amend or Alter the Judgment. (D.E. #111). On March 28, 2013, Defendant Secretary of the Treasury, Timothy Geithner, filed a Response in Opposition to Plaintiff's Motion to Alter or Amend the Judgment. (D.E. #112). Plaintiff filed a Reply to Defendant Kelley's Response on April 1, 2013, (D.E. #113), and a Reply to Defendant's Geithner's Response on April 4, 2013. (D.E. #114). On June 4, 2013, this Court referred Plaintiff's Motion to Amend or Alter Judgment to the Magistrate Judge, pursuant to 28 U.S.C. §§631-39 (D.E. #115). The Magistrate entered her Order Striking Pleadings and Report and Recommendation Denying Plaintiff's Motion on June 5, 2013. (D.E. #116). On June 19, 2013, Plaintiff filed her objections against the Magistrate's Report and Recommendation. (D.E. #117).

1

The Court has reviewed the Magistrate Judge's Report and Recommendation, the Magistrate's legal analysis, Plaintiff's Motion, Defendants' Responses, and the entire record. The Court ADOPTS the Magistrate's Report and Recommendation Denying Plaintiff's Motion. Therefore, Plaintiff's Motion to Alter or Amend the Judgment is hereby DENIED.

## I.     LEGAL STANDARD

District court judges have the discretion to refer certain non-dispositive pretrial matters, including motions for leave to file, to magistrate judges.  28 U.S.C. §636(b)(1)(A).  The district court judge has the authority to review and reconsider the magistrate judge's non-dispositive orders only when the judgment is "clearly erroneous or contrary to law."  28 U.S.C.§ 636(b)(1)(A); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."); *See e.g. Danove v. Davila*, Civil Action NO. 11-3712 (E.D. La June 14, 2012) ("An order issued by a magistrate judge concerning nondispositive pretrial matters . . . is reviewed by the district court judge under the clearly erroneous standard.")

## II.     ANALYSIS

The Magistrate Judge properly found that Plaintiff's Rule 59(e) Motion to Alter or Amend the Judgment should be denied.  The Magistrate correctly analyzed Plaintiff's Motion by determining whether (1) a clear error of law, (2) new evidence, (3) or a prevailing change in the controlling law exists.  *See Leisure Caviar, LLC v. U.S. Fish & Wildfire Serv.,* 616 F.3d 612, 615 (6th Cir. 2010)(internal cite omitted).  None of these bases are found in the above-styled matter.

In her objections, Plaintiff argues that this Court should grant her motion, because she was unaware of the Local Rules of this District regarding filing procedures.  Although it is

unfortunate that Plaintiff was unaware of the correct filing procedures, her lack of understanding of the Local Rules is not an appropriate objection, and it does not give rise, under the clearly erroneous standard of review, for this Court to reject the Magistrate's Report and Recommendation.  *See U.S. v. Baker, 197 F.3d 211, 218* (6th Cir. 1999)("Even those not versed in the law recognize the centuries-old maxim that 'ignorance of the law is no excuse.' . . . To allow an ignorance of the law excuse would encourage and reward indifference to the law."); *and also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("[E]ven a pro se litigant, whether plaintiff or a defendant, is required to follow the law.")

### III.   CONCLUSION

For the reasons set forth above, the Court Adopts the Magistrate Judge's Report and Recommendation to Deny Plaintiff's Rule 59(e) Motion to Amend or Alter the Judgment. Therefore, Plaintiff's Motion to Amend or Alter the Judgment is DENIED.

IT IS SO ORDERED this 25th day of June, 2013.

BY THIS COURT:

*/s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge